Steven G. Storch
Jeffrey Chubak
STORCH AMINI PC
140 East 45th Street, 25th Floor
New York, New York 10017
(212) 490-4100
sstorch@storchamini.com
jchubak@storchamini.com
*Attorneys for Defendants Kossoff & Kossoff
LLP and Irwin Kossoff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>TS EMPLOYMENT, INC.,<br><br>                Debtors. | Chapter 11<br><br>No. 15-bk-10243-mg |
| JAMES FELTMAN, not individually but solely as chapter 11 trustee for TS Employment, Inc.,<br>                Plaintiff,<br><br>   - against -<br><br>KOSSOFF & KOSSOFF LLP and IRWIN KOSSOFF,<br>                Defendants. | No. 18-ap-1649-mg |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'**
**MOTION TO WITHDRAW THE BANKRUPTCY REFERENCE**

## **TABLE OF CONTENTS**

                                                                                                                       **Page**

| | |
|---|---|
| TABLE OF AUTHORITIES | ii |
| INTRODUCTION | 1 |
| BACKGROUND | 1 |
| ARGUMENT | 2 |
| CONCLUSION | 4 |

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re Burger Boys, Inc.*,
   94 F.3d 755 (2d Cir. 1996) .................................................................................................... 2

*In re Coudert Bros. LLP*,
   462 B.R. 457 (S.D.N.Y. 2011) ............................................................................................ 3, 4

*Dynegy Danskammer, LLC v. Peabody Coaltrade Int'l Ltd.*,
   905 F. Supp. 2d 526 (S.D.N.Y. 2012) .................................................................................... ii

*In re EMS Fin. Servs., LLC*,
   491 B.R. 196 (E.D.N.Y. 2013) ............................................................................................... 4

*In re Levine*,
   No. 11-cv-9101, 2012 WL 310944 (S.D.N.Y. Feb. 1, 2012) ................................................. 3

*Hassett v. BancOhio Nat'l Bank*,
   172 B.R. 748 (S.D.N.Y. 1994) ............................................................................................... 3

*Interconnect Telephone Services, Inc. v. Farren*,
   59 B.R. 397 (S.D.N.Y. 1986) ................................................................................................. 4

*Kentile Floors, Inc. v. Congoleum Corp.*,
   No. 95-cv-2470, 1995 WL 479512 (S.D.N.Y. Aug. 10, 1995) .............................................. 4

*In re Orion Pictures Corp.*,
   4 F.3d 1095 (2d Cir. 1993) ............................................................................................ 2, 3, 4

*Solutia v. FMC Corp.*,
   No. 04-cv-2842, 2004 WL 1661115 (S.D.N.Y. July 27, 2004) ............................................. 3

*In re The VWE Group, Inc.*,
   359 B.R. 441 (S.D.N.Y. 2007) ............................................................................................... 3

**Statutes and Rules**

28 U.S.C. § 157 ........................................................................................................................ 1, 2, 3

Fed. R. Bankr. P. 7012 ................................................................................................................ 1, 2

Fed. R. Bankr. P. 9015 ................................................................................................................ 1, 2

Fed. R. Civ. P. 38 ............................................................................................................................ 1

Defendants Kossoff & Kossoff LLP and Irwin Kossoff (together, "Defendants") submit this memorandum of law in support of their motion to withdraw the reference of the adversary proceeding to the Bankruptcy Court for purposes of trial on completion of discovery, pursuant to 28 U.S.C. § 157(d).

## INTRODUCTION

The Second Amended Complaint ("Complaint"), a copy of which is annexed to the Declaration of Jeffrey Chubak ("Chubak Decl.") as Exhibit 1, asserts only non-core claims against Defendants; in their Answer (Chubak Decl. Exhibit 2) Defendants stated that they do not consent to entry of final orders or judgments by the Bankruptcy Court, pursuant to Rule 7012(b) (¶13), and have demanded a jury trial, pursuant to Rule 38; and Defendants will not consent to a jury trial being conducted before the Bankruptcy Court, pursuant to 28 U.S.C. § 157(e) and Rule 9015(b). On completion of discovery the adversary proceeding will be trial ready, making withdrawal of the reference appropriate. Under these circumstances, judicial economy and efficiency are best served by withdrawal of the reference so that this Court can preside over the jury trial on completion of discovery, allowing the adversary proceeding to be resolved in the most expeditious manner possible.

## BACKGROUND

TSE commenced its bankruptcy case on February 2, 2015, after it was discovered it had incurred over $100 million in federal tax obligations. (Complaint ¶¶5, 55.)

The adversary proceeding was commenced on October 5, 2018. The subject Complaint was filed on March 28, 2019. The gravamen of the Complaint is that Defendants, TSE's outside accountant and its principal, helped hide the extent of TSE's tax liabilities thereby artificially prolonging its life and deepening its insolvency. (*E.g.*, Complaint ¶¶6-9.)

1

The Complaint asserts claims against Defendants for accounting malpractice/negligence and fraud.  (Complaint ¶¶76-105.)

On July 15, 2019, the Bankruptcy Court entered a Case Management and Scheduling Order setting November 12, 2019 as the fact discovery cutoff and December 12, 2019 as the expert discovery cutoff.  (Chubak Decl. Exhibit 3, pp.1-2.)

Defendants answered the Complaint on August 2, 2019.  As noted above, Defendants stated that they do not consent to entry of final orders or judgments by the Bankruptcy Court and have demanded a jury trial.

## ARGUMENT

The adversary proceeding was referred to the Bankruptcy Court pursuant to 28 U.S.C. § 157(a) and Amended Standing Order of Reference M-431, entered January 31, 2012 (Preska, C.J.). Pursuant to 28 U.S.C. § 157(d), this Court may withdraw the adversary proceeding for cause shown, either on its own motion or on timely motion of a party.

In evaluating whether cause exists to withdraw the reference, courts consider whether the subject claims are core or noncore, judicial and party economy, uniformity of bankruptcy administration, and prevention of forum shopping.  *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993).

The foregoing factors weighs in favor of withdrawal of the reference of the adversary proceeding.

The Complaint Asserts Only Noncore Claims.  Whether the subject claims are core or noncore is "the most important" factor.  *In re Burger Boys, Inc.*, 94 F.3d 755, 762 (2d Cir. 1996). That is because absent consent of the parties, bankruptcy courts lack authority to enter final judgments on noncore claims and cannot conduct jury trials.  28 U.S.C. §§ 157(c)(1), 157(e); *see also* Fed. R. Bankr. P. 7012(b), 9015(b). The Complaint acknowledges that the claims asserted

2

therein are noncore. (Compl. ¶12 ("This adversary proceeding is not a core proceeding").) Moreover, consent is lacking here, as noted above. This factor accordingly weighs in favor of withdrawal of the reference. *In re The VWE Group, Inc.*, 359 B.R. 441, 446 (S.D.N.Y. 2007) ("Under *Orion*, the court's findings that the claim is non-core coupled with the defendants' jury demand is sufficient cause to withdraw the reference"); *Hassett v. BancOhio Nat'l Bank*, 172 B.R. 748, 755 (S.D.N.Y. 1994) ("The fact that an adversary proceeding concerns non-core matters for which the right to a jury trial is available is sufficient cause for discretionary withdrawal of reference").

<u>Considerations of Judicial and Party Economy</u>. Even if the Bankruptcy Court could conduct a jury trial, it would make no sense for it do so because the Bankruptcy Court could not issue final orders or judgments under 28 U.S.C. § 157(c)(1). This limitation is "pivotal" to the question of reference withdrawal, *Orion*, 4 F.3d at 1102, "because if a district court must review recommendations de novo, 'it would be inefficient to allow the proceedings to go forward, knowing that they will have to be substantially repeated.'" *Dynegy Danskammer, LLC v. Peabody Coaltrade Int'l Ltd.*, 905 F. Supp. 2d 526, 533 (S.D.N.Y. 2012) (quoting *In re Coudert Bros. LLP*, 462 B.R. 457, 472 (S.D.N.Y. 2011)). *See also In re Levine*, No. 11-cv-9101, 2012 WL 310944, at *4 (S.D.N.Y. Feb. 1, 2012) ("Because the case would … be withdrawn from the Bankruptcy Court for the purposes of trial, efficient use of judicial resources counsels in favor of withdrawal"); *Solutia v. FMC Corp.*, No. 04-cv-2842, 2004 WL 1661115, at *3 (S.D.N.Y. July 27, 2004) (granting withdrawal to avoid "having two courts administer two rounds of briefing and argument on the same issues"). Withdrawal of the reference would also relieve the parties from having to engage in duplicative evidentiary submissions and legal arguments in proceedings before two courts.

3

<u>The Other *Orion* Factors are Not Implicated, or Support Withdrawal</u>.  Where, as here, the Bankruptcy Court lacks final adjudicative authority, "the remaining *Orion* considerations will often tend to point towards withdrawal." *Coudert Bros.*, 462 B.R. at 467; *see also In re EMS Fin. Servs., LLC*, 491 B.R. 196, 205 (E.D.N.Y. 2013) ("In light of the Court's findings that this is a non-core matter, the Court finds that the remaining *Orion* factors weigh in favor of withdrawing the reference").

Timeliness is not a ground for denying the instant motion.  The conclusion of discovery remains months away.  Defendants answered the Complaint and made their jury demand only this month. *See Kentile Floors, Inc. v. Congoleum Corp.*, No. 95-cv-2470, 1995 WL 479512, at *2 (S.D.N.Y. Aug. 10, 1995) ("Although nine months elapsed between the filing of the complaint and the motion to withdraw the reference, the motion is timely [as] Congoleum did not have grounds for a motion to withdraw the reference until it filed an answer [with a] jury demand"); *Interconnect Telephone Services, Inc. v. Farren*, 59 B.R. 397, 402 (S.D.N.Y. 1986) (withdrawing the reference where the motion was made one year after the proceeding had commenced and discovery had been taken).

## CONCLUSION

For the foregoing reasons, Defendants request that this Court withdraw the reference of the adversary proceeding for purposes of trial on completion of discovery.

Dated: August 27, 2019  
      New York, New York

STORCH AMINI PC

/s/ Jeffrey Chubak  
Steven G. Storch  
Jeffrey Chubak  
140 East 45th Street, 25th Floor  
New York, New York 10017  
(212) 490-4100  
sstorch@storchamini.com  
jchubak@storchamini.com  
*Attorneys for Defendants Kossoff & Kossoff LLP and Irwin Kossoff*