## **EXHIBIT 2**

**Answer**

Steven G. Storch
Jeffrey Chubak
STORCH AMINI PC
140 East 45th Street, 25th Floor
New York, New York 10017
(212) 490-4100
sstorch@storchamini.com
jchubak@storchamini.com
*Attorneys for Defendants Kossoff & Kossoff*
*LLP and Irwin Kossoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>TS EMPLOYMENT, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 15-10243-mg |
| JAMES FELTMAN, not individually but solely as chapter 11 trustee for TS Employment, Inc.,<br>Plaintiff,<br><br>- against -<br><br>KOSSOFF & KOSSOFF LLP and IRWIN KOSSOFF,<br>Defendants. | Adv. Pro. No. 18-01649-mg<br><br>**ANSWER**<br><br>**Jury Trial Demanded** |

Defendants Irwin Kossoff and Kossoff & Kossoff LLP answer the Second Amended Complaint ("Complaint") of Plaintiff James Feltman, as Chapter 11 Trustee for the estate of TS Employment, Inc. ("TSE") as follows:

## NATURE OF THE ACTION

1.      Defendants deny the allegations in Paragraph 1, except to admit that this is an adversary proceeding by the Trustee against Defendants, and that TSE filed for bankruptcy protection in February 2015.

2.     Defendants admit the allegations in Paragraph 2, except that Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that TSE was employer of record for "hundreds of thousands" of temporary workers.

3.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3.

4.     Defendants deny the allegations in Paragraph 4, except to admit that TSE never had the capital needed to make financial accommodations to CRS.

5.     Defendants deny the allegations in Paragraph 5, except (a) to admit that TSE financed accommodations to CRS by failing to pay federal employment taxes for TSE employees that were supplied to CRS customers, and (b) that Defendants lack knowledge or information sufficient to form a belief about the amount of federal employment tax and other non-tax obligations that TSE failed to pay.

6.     Defendants deny the allegations in Paragraph 6, except to admit that Defendants prepared federal and state payroll tax returns on behalf of TSE and that TSE had no CFO or treasurer.

7.     Defendants deny the allegations in Paragraph 7, except to admit that they made certain adjustments to TSE's books and records, prepared certain of TSE's tax returns, and transmitted certain information from TSE to its auditors.

8.     Defendants deny the allegations in Paragraph 8, except to admit the contents of his declaration concerning the end-of-2013, $67 million journal entry, that TSE's 2013 year-end balance sheet failed to reflect its insolvency and unpaid tax liabilities, and that Kossoff reversed the $67 million journal entry for unpaid payroll taxes after the year end audit was completed.

9.     Defendants admit the allegations in Paragraph 9, except to deny that "more than $100 million in losses … would have been avoided had Defendants not engaged in the conduct complained herein."

## JURISDICTION AND VENUE

10.     Defendants admit that this Court has "related to" subject matter jurisdiction but deny that this Court has "arising in" subject matter jurisdiction.

11.     Defendants admit that this adversary proceeding is appropriately venued in this district.

12.     Defendants admit that this is a noncore proceeding.

13.     Pursuant to Rule 7012(b), Defendants state that they do not consent to entry of final orders or judgments by this Court.

## THE PARTIES

14.     Defendants admit the allegations in Paragraph 14.

15.     Defendants admit the allegations in Paragraph 15.

16.     Defendants admit the allegations in Paragraph 16.

17.     Defendants deny that Kossoff resides in Boca Raton, but admit that he resides in Florida and that at all relevant times he was a principal of Kossoff & Kossoff LLP and the lead partner for its engagement by TSE and Tri-State Group.

## FACTS

18.     Defendants admit the allegations in Paragraph 18.

19.     Defendants admit the allegations in Paragraph 19, except that Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that over time, corporations within Tri-State Group began to serve as PEO for staffing businesses within Tri-State Group and other staffing businesses owned by Cassera.

20.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20.

21.     Defendants admit the allegations in Paragraph 21, except that Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that "In 2010, Accountabilities, Inc. … which at the time was directly or indirectly majority-owned by Cassera, completed a holding-company reorganization and became a wholly owned subsidiary of CRS (incorporated the previous year)."

22.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22.

23.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23.

24.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24.

25.     Defendants admit the allegations in Paragraph 25, except that Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that TSE was co-employer of record for "hundreds of thousands" of temporary workers.

26.     Defendants admit the allegations in Paragraph 26.

27.     Defendants deny the allegation that "TSE forgave … the collection of tens of millions of dollars owed by CRS under the PEO Agreement," and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 27.

28.     Defendants admit the allegations in Paragraph 28.

29.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations that "TSE never had any board meetings at which officers were appointed" and

4

that "no shareholder or director resolutions ever were executed in lieu of meetings" and that "TSE did not even maintain a corporate minute book or corporate record book."  Defendants admit that Tri-State officers "acted as *de facto* management for TSE, exerting total control over TSE's operations," but deny the allegation that Tri-State's agents did so, and that "this included the Defendants, who exercised direct, complete, and virtually exclusive control over TSE's financial reporting systems, tax and internal accounting functions."

30.     Defendants admit the allegations in Paragraph 30.

31.     Defendants deny the allegations in Paragraph 31.

32.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32.

33.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33.

34.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34.

35.     Defendants admit he allegations in Paragraph 35, except to deny the last sentence thereof as to which Defendants refer the Court to their responses to the allegations in Paragraphs 44 through 48.

36.     Defendants admit the allegations in Paragraph 36, except to deny that Defendants performed "many of their [Tri-State's and TSE's] core financial reporting functions."

37.     Defendants deny the allegations in Paragraph 37, except to admit that Kossoff and Cassera met frequently concerning Tri-State.

38.     Defendants deny the allegations in Paragraph 38, except to admit that "At all relevant times, TSE did not have a CFO or Treasurer."

5

39.     Defendants deny the allegations in Paragraph 39.

40.     Defendants deny the allegations in Paragraph 40, except to admit they made certain adjustments to TSE's books and records and financial reporting systems, and to admit the contents of the Kossoff Declaration.

41.     Defendants deny the allegations in Paragraph 41, except to admit to having interfaced with TSE's auditor concerning TSE's audits for the years ended December 31, 2012 and 2013 and that the auditor's information requests were directed at Defendants.

42.     Defendants deny the allegations in Paragraph 42, except to admit that they prepared TSE's federal and state income and payroll tax returns.

43.     Defendants deny the allegations in Paragraph 43.

44.     Defendants admit the allegations in Paragraph 44, except to deny that Tri-State caused TSE to forgive tens of millions of dollars of CRS obligations to TSE.

45.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45.

46.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46.

47.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47.

48.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48.

49.     Defendants admit the allegations in Paragraph 49, except to deny that TSE never had the liquidity needed to make financial accommodations to CRS.

50.     Defendants admit the allegations in Paragraph 50, except that Defendants lack knowledge or information sufficient to form a belief about the amount of federal employment taxes for TSE employees supplied to CRS customers that TSE failed to pay.

51.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51, except to admit that at some point "a pattern of significant federal tax late payments and non-payments … began."

52.     Defendants admit the allegations in the first three sentences of Paragraph 52, except to deny that they ever "eliminated" the subject $67 million federal payroll tax liability.  The allegation that "the elimination of the liability on TSE's books and financial statements was wholly improper and inaccurate inasmuch as TSE of course remained liable for its own tax obligations until they were actually paid" is a legal conclusion as to which no response is required.  To the extent that a response is required, Defendants deny the allegation.

53.     Defendants deny the allegations in Paragraph 53. Defendants understand the reference to Form 941 returns as referring to the quarterly payroll tax returns discussed in Paragraph 54.  As described below, Defendants prepared but did not file those returns, and the fourth quarter returns did not mask TSE's non-payment of its payroll tax liabilities.

54.     Defendants admit the allegations in Paragraph 54, except to deny that they filed the subject quarterly payroll tax returns, and that as a result of their having underreported TSE's payroll tax liabilities during the first, second, and third quarters of each of 2012, 2013, and 2014, Tri-State and Cassera had access to significant amounts of cash prior to recognition of the subject tax liabilities in the fourth quarter of each year.

55.     Defendants admit the allegations in Paragraph 55, except (a) to deny that the $67 million federal payroll tax liability "reappeared" on TSE's financial statements, and (b) that

7

Defendants lack knowledge or information sufficient to form a belief about the amount of federal employment taxes for TSE employees that it failed to pay.

56.     Defendants admit that they knew that the Tri-State Group entities had significant, outstanding federal payroll tax obligations as of February 2015, but lack knowledge or information sufficient to form a belief as to the amount owed, and otherwise deny the allegations in Paragraph 56.

57.     Defendants admit that Tri-State and TSE entered into an agreement pursuant to which Tri-State charged an administrative fee to TSE in exchange for services, but otherwise deny the allegations in Paragraph 57 except as otherwise indicated in Paragraphs 28-35, above.

58.     Defendants admit the allegations in Paragraph 58.

59.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59.

60.     Defendants admit the allegations in Paragraph 60.

61.     Defendants deny the allegations in Paragraph 61.

62.     Defendants deny having prepared historical year-end financial statements for TSE or Tri-State, and lack knowledge or information sufficient to form a belief about what they may have provided.  Defendants admit to having prepared income tax returns on behalf of TSE, but deny having filed them and lack knowledge or information as to what they provided.

63.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63.

64.     Defendants admit the allegations in Paragraph 64.

65.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 65.

66.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 66.

67.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 67.

68.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 68.

69.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 69.

70.     Defendants admit the allegations in Paragraph 70.

71.     Defendants deny having prepared any year-end financial statements for TSE, and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 71.

72.     Defendants admit the allegations in Paragraph 72, except to deny that they controlled or maintained TSE's books and records, let alone for TSE's entire existence.

73.     Defendants deny the allegations in Paragraph 73, except that Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that Lumbermen's was adjudicated to be insolvent and placed in liquidation after TSE's and Tri-State's obligations to it went unpaid, forcing it to book tens of millions of dollars of losses.

74.     Defendants admit the allegations in Paragraph 74, except to deny that they controlled or maintained TSE's books and records, let alone for TSE's entire existence.

75.     Defendants deny the allegations in Paragraph 75.

## COUNT I
### Accounting Malpractice/Negligence

76.     Defendants restate their responses to the allegations in Paragraphs 1-75 of the Complaint.

77.     Paragraph 77 asserts legal conclusions as to which no response is required.

78.     Defendants admit that they were licensed in New York.  Paragraph 78 otherwise asserts legal conclusions as to which no response is required.

79.     Paragraph 79 asserts legal conclusions as to which no response is required.

80.     Paragraph 80 asserts legal conclusions as to which no response is required.

81.     Defendants deny having prepared TSE's financial reports.  Paragraph 81 otherwise asserts legal conclusions as to which no response is required.

82.     Paragraph 82 asserts legal conclusions as to which no response is required.

83.     Paragraph 83 asserts legal conclusions as to which no response is required.

84.     Defendants admit the allegations in Paragraph 84, except to deny that Defendants controlled or maintained TSE's and Tri-State Group's books and records and have submitted to taxing authorities TSE's and Tri-State Group's corporate tax returns, state unemployment reports, and payroll tax returns.

85.     Defendants admit the allegations in Paragraph 85.

86.     Defendants deny the allegations in Paragraph 86, except to admit the statements actually made in Paragraph 16 of the declaration.

87.     Defendants deny the allegations in Paragraph 87, except to admit that Defendants prepared Form 941 quarterly payroll tax returns on behalf of TSE which underreported its payroll tax liabilities in the first, second, and third quarters of 2011, 2012, and 2013.

88.     Defendants deny having filed any tax returns on behalf of TSE, and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 88.

89.     Defendants deny the allegations in Paragraph 89.

90.     Defendants deny the allegations in Paragraph 90.

91.     Defendants deny the allegations in Paragraph 91.

92.     Defendants deny the allegations in Paragraph 92.

93.     Defendants deny the allegations in Paragraph 93.

94.     Defendants deny the allegations in Paragraph 94.

95.     Defendants deny the allegations in Paragraph 95.

96.     Defendants deny the allegations in Paragraph 96.

## COUNT II
### Fraud

97.     Defendants restate their responses to the allegations in Paragraphs 1-75 of the Complaint.

98.     Defendants deny the allegations in Paragraph 98.

99.     Defendants deny the allegations in Paragraph 99.

100.    Defendants deny the allegations in Paragraph 100.

101.    Defendants deny the allegations in Paragraph 101.

102.    Defendants deny the allegations in Paragraph 102.

103.    Defendants deny the allegations in Paragraph 103.

104.    Defendants deny the allegations in Paragraph 104.

105.    Defendants deny the allegations in Paragraph 105.

Defendants respond to the Prayer for Relief by denying that the Trustee is entitled to judgment on Counts I or II.

## **AFFIRMATIVE DEFENSES**

1.      The Complaint fails to state a claim upon which relief can be granted.

2.      The Trustee's claims are barred by the Wagoner rule and the in pari delicto doctrine.

3.      The Trustee's claims fail for want of damages caused by Defendants' conduct.

4.      The fraud claim fails because it is premised on third party reliance on Defendants' alleged false representations.

5.      The fraud claim fails because the conduct on which it is premised is not alleged to have resulted in damages distinct from that claimed by the accounting malpractice/negligence claim.

6.      TSE was contributorily negligent.

7.      The Trustee's claims are time-barred.

8.      The Trustee's claims are barred by doctrines of laches, waiver, setoff, and estoppel.

Defendants reserve the right to assert additional affirmative defenses based upon further information and discovery.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants request that this Court enter judgment in favor of Defendants

and against the Trustee on both claims asserted in the Complaint.

Dated: August 2, 2019
      New York, New York

STORCH AMINI PC

/s/ Jeffrey Chubak
Steven G. Storch
Jeffrey Chubak
140 East 45th Street, 25th Floor
New York, New York 10017
(212) 490-4100
sstorch@storchamini.com
jchubak@storchamini.com
*Attorneys for Defendants Kossoff & Kossoff*
*LLP and Irwin Kossoff*